UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEDERAL INSURANCE COMPANY,

       Plaintiff,          Case No. 15-10910

                                                                          Paul D. Borman
v.                                                United States District Judge

BIG BOY RESTAURANTS
INTERNATIONAL, LLC., BIG BOY
RESTAURANTS MANAGEMENT, LLC,
and LAWRENCE KOWAL,

       Defendants.
_____/

ORDER LIFTING STAY AND GRANTING PLAINTIFF'S
MOTION FOR LEAVE TO AMEND (ECF NO. 12)

On March 11, 2015, Plaintiff Federal Insurance Company ("Federal") filed this action seeking declaratory and other relief with respect to its obligations under a policy of insurance issued to Big Boy Restaurants International, LLC. (ECF No. 1, Complaint ¶ 2, Ex. A.) On April 14, 2015, the Court entered a Stipulated Order Staying Case. (ECF No. 10.) Pursuant to that Order, the parties stipulated to stay this action due to ongoing proceedings in the underlying state court premises liability and negligence lawsuit of *Lawrence Kowal v. Big Boy Restaurants, LLC and Big Boy Management, LLC*, Case No. 13-2295-NO, filed on June 10, 2013 in the Macomb County Circuit Court. This Court's Order staying the case provided that the stay could be lifted upon further order of the Court, or upon motion or the stipulation of the parties.

      A.      **The Motion to Lift Stay**

On May 15, 2015, Federal filed a motion to lift the Stay. (ECF No. 11.) On May 26, 2015,

1

Defendants Big Boy Restaurants International, LLC, and Big Boy Restaurants Management LLC (collectively "Big Boy")[1] responded and opposed Federal's motion, asserting that the state court dismissal issued at that time was without prejudice and was therefore not a final order of dismissal resolving the state court action. (ECF No. 14, Stay Resp. 7-9; ECF No. 19, Supp. Stay Resp. 2.)

On August 19, 2015, Federal filed a supplemental brief in support of its motion to lift the stay, attaching a copy of the August 10, 2015 Final Order entered in the underlying *Kowal* state court lawsuit dismissing the case with prejudice and closing the case. (ECF No. 20, Supp. Br. Ex. A, Aug. 10, 2015 Order of the Macomb County Circuit Court.) Big Boy has not filed a response to Federal's August 19, 2015 supplemental brief.

Because the basis for Big Boy's original objection to lifting the stay appears no longer valid, *i.e.* there is now a final order resolving the state court lawsuit, the Court GRANTS Federal's motion and lifts the April 14, 2015 Stipulated Order Staying Case.

**B.     The Motion for Leave to Amend the Complaint**

Contemporaneous with its motion to lift the stay, Federal filed a motion under Fed. R. Civ. P. 15(a)(2) seeking to leave to file an amended complaint.[2] (ECF No. 12, Motion for Leave to Amend Complaint.) Big Boy filed a response to the motion to amend, arguing that amendment would be futile and therefore leave to amend should be denied. (ECF No. 13, Resp. to Mot. to Amend.) Federal filed a Reply in support of its motion to amend. (ECF No. 17, Reply.)

---

[1] Defendant Lawrence Kowal has not responded to Federal's motions and the Court notes that Federal's proposed First Amended Complaint drops Kowal as a party.

[2] Federal files a motion for leave to amend under Rule 15(a)(2), and Big Boy does not dispute application of that Rule. Therefore, the Court will resolve Federal's motion to amend as filed under Fed. R. Civ. P. 15(a)(2).

2

Federal Rule of Civil Procedure 15 encourages courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2) (alteration added). However, "courts need not give leave to amend when doing so would be futile. Amending would be futile if a proposed amendment would not survive a motion to dismiss." *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014) (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) and *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)).

Big Boy argues in its opposition to the motion to amend that amendment would be futile because the proposed amended complaint fails to state a claim upon which relief could be granted and therefore could not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). (ECF No. 13, Leave to Amend Resp. 7.) When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Dismissal is appropriate only if the plaintiff has failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "As a general rule, matters outside the pleadings may not be considered in ruling on a 12(b)(6) motion to dismiss unless the motion is converted to one for summary judgment under Fed. R. Civ. P. 56." *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997).

In its response to Federal's motion to amend, Big Boy cites the standard for determining futility but fails to discuss the requirements of Rule 12(b)(6) as applied to Federal's proposed amended complaint. In addition, Big Boy asks the Court to consider numerous documents that were not attached to Federal's proposed amended complaint. It is apparent that Big Boy does not concede Plaintiff's well pleaded allegations of fact for purposes of its futility argument. *See, e.g.,* Big Boy's

Response at p. 2, ¶¶ 5-6. Accordingly, given that Big Boy does not concede the facts alleged in the proposed amended complaint, and has not attempted to demonstrate that as alleged those facts fail to state a claim under Fed. R. Civ. P. 12(b)(6), the Court rejects Big Boy's futility argument and GRANTS Federal's motion for leave to file its proposed amended complaint. The Court notes that these proceedings are in the very early stages and Big Boy has yet to file a responsive pleading.

Federal shall file and serve its amended complaint, in the exact form as attached to its motion for leave to amend, within seven (7) days of the entry of this Order. Big Boy will have twenty-one (21) days from service of the amended complaint to file a responsive pleading or otherwise respond to the amended complaint.

IT IS SO ORDERED.

        s/Paul D. Borman
        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

Dated:  September 29, 2015

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 29, 2015.

        s/Deborah Tofil
        Case Manager